UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY X KELLEY, | Case No. C21-5476 RSM |
| Petitioner, | ORDER RE: VARIOUS MOTIONS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on the Motions of Petitioner Kelley, listed below, as well as a Motion by the Government for an extension of time to file its Answer.

**A. Dkt. #10.**

On August 2, 2021, Petitioner Kelley filed a "Motion to Modify Release Request." Dkt. #10. This Motion reads as a letter to the judge detailing poor conditions of confinement and grievances with a prosecuting attorney. The Motion "asks this Court to order Mr. Friedman to answer his related and unsubstantiated allegation that defendant 'is committing new crimes.'" *Id*. at 4. The Court finds that this Motion does not seek any clearly discernable and available relief and does not cite any legal basis for such relief. Accordingly, it is DENIED.

**B. Dkt. #11.**

Also on August 2, Petitioner filed a "Motion for Miscellaneous Relief." Dkt. #11. He requests an acknowledgement that he satisfied his restitution obligation; such a document has been filed in his criminal case. *See* CR15-5198, Dkt. #728. This request is therefore DENIED

ORDER RE: VARIOUS MOTIONS – 1

AS MOOT.  Next, he requests that the United States Attorney's Office be ordered to produce an accounting of the distribution of Petitioner's restitution proceeds.  As in all cases, an accounting is available upon request from the Clerk of Court.  The Court DIRECTS Petitioner to make such a request by mailing a letter to the Clerk of Court rather than including it in a Motion in this habeas proceeding.  Third, Petitioner requests a removal of a "z-freeze" with the IRS; the Government states that such freeze was removed on April 28, 2021.  *See* Dkt. #13 at 2.  Petitioner provides no basis for seeking such relief in his habeas petition.  The request is DENIED AS MOOT.  Fourth, Kelley asks the Court to order the attorney general's office "to release the lien (formal or informal) against the account at Fidelity."  Petitioner appears to be referring to a lien against $375,000 in an account created pursuant to a stipulation between the parties (Dkt. #126 in the criminal case), and a resulting Order (Dkt. #128).  The purpose of the lien was to secure a possible forfeiture order, which the district court ultimately denied (Dkt. #658).  As a result, the Government states the lien was automatically released pursuant to Paragraph 4(g)(ii) of the Collateral Pledge Agreement.  This is DENIED AS MOOT.  Finally, Kelley requests that the Court order the Government to "state what 'new crimes' the defendant is committing at this time."  This request is made without a legal basis, is irrelevant to this case, and is DENIED.

**C. Dkt. #12.**

Petitioner moves to recuse the 15 local prosecuting attorneys in this case without citation to legal authority or evidence of any personal conflict of interest.  He argues the prosecution was overly zealous but fails to present facts rising to the level necessary for disqualification.  *See United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003).   This Motion is DENIED.

**D. Dkts. #15 and #18.**

Petitioner's Motion at Dkt. #15 asks the Court to grant his 28 U.S.C. § 2255 motion, or order an evidentiary hearing, because the Government failed to file its Answer by August 15,

ORDER RE: VARIOUS MOTIONS – 2

2021.  The Government subsequently filed a Motion seeking an extension of time.  In this case, the Court ordered the Government to file its Answer within 45 days of the filing of the § 2255 petition, interpreted by the Government as 45 days after service was affected on July 30, 2021.  In any event, the Government requested additional time to respond given the size of the record in Kelley's criminal case.  *See* Dkt. #18 at 2 ("Given that the record in Kelley's criminal case spans more than 700 docket entries, and includes two six-week trials, and that Kelley has filed a 53-page single-spaced "Motion of Additional Facts in Support of Habeas Corpus" … containing myriad factual and legal claims, the United States asks that the Court allow it an additional 30 days…").  The Court finds good cause and agrees with the Government's need of additional time, and therefore DENIES Dkt. #15 and GRANTS Dkt. #18.

   E.  **Dkt. #24.**

Petitioner moves to strike the Government's Answer to his § 2255 petition as untimely and overlength.  The Court has now granted the Government's request for an extension of time, and the Answer was therefore timely.  Local Civil Rule 100(a) exempts habeas petitions and motions from the page limits found in Local Rule 7(e).  The Government's 60-page Answer is not overlength and appears proportional to the petition.  This Motion is DENIED.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motions at Dkts. #10, #11, #12, #15, and #24 are DENIED as stated above.  The Government's Motion at Dkt. #18 is GRANTED.

DATED this 9th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: VARIOUS MOTIONS – 3