UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY X KELLEY,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C21-5476 RSM

ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY

This matter comes before the Court on Petitioner Kelley's "Motion to Include Newly Discovered Evidence in Habeas Corpus Petition." Dkt. #19. The Court has thoroughly reviewed this Motion and finds that it does not reference newly discovered evidence, but rather asks the Court for leave to conduct discovery or to have the Court review discovery material in camera.

Rule 6(a) of the Rules Governing Section 2254 Cases provides that the Court may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. The Supreme Court has previously established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Discovery is properly limited in habeas corpus actions because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n.4 (9th Cir. 1985). Absent a showing of good cause, the Court should deny a motion for leave to conduct discovery. *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999). To show good cause, the petitioner must set forth specific facts showing discovery is appropriate in the

ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY – 1

particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994) (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987)). The Ninth Circuit has made clear that, in the context of habeas litigation, trial courts "should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

The Court agrees with the Government that Petitioner's requests are "based on pure speculation" and not "calculated to produce evidence that would entitle him to relief in this *habeas* petition." Dkt. #21 at 3. For example, Petitioner's request for "discovery surrounding the z freeze" relates to an IRS procedure that is not part of Mr. Kelley's sentence and could not relate to relief available in this proceeding. Petitioner's requests for discovery related to witnesses who did not testify at his trial essentially seek to investigate the prosecutors for misconduct unrelated to his trial or his sentencing and therefore unrelated to relief available in this habeas proceeding. To the extent that the absence of a witness could have affected the trial, Petitioner's Motion relies on speculation and fails to set forth a reasonable basis for the Court to reach that conclusion. Good cause has not been shown.

If Petitioner includes details in the briefing for this Motion in support of his § 2255 petition, he does not ask the Court to consider it as supplemental briefing, provide legal support for such, or explain why it could not have been included within his Petition or Reply brief.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion at Dkt. #19 is DENIED.

DATED this 10th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY – 2