UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY X. KELLEY, | Case No. C21-5476 RSM |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.   INTRODUCTION

Before the Court are Petitioner's Motion to Vacate and Acquit Several Counts Based on New USCA Decision, Dkt. #27, Motion for in Camera Court Review of Documents Supporting Search and Seizure, Dkt. #28, and Petitioner's 13-page § 2255 Petition to Vacate, Set Aside, or Correct Sentence, Dkt. #1. Troy Kelley challenges the sentence of 12 months and a day imposed on him by the Court following his conviction for possession of stolen property, making a false declaration and filing false income tax returns. Dkt. #1 at 1; Case No. 2:15-cr-5198-RBL, Dkts. #655 and #656. Petitioner challenges his sentence on four grounds, detailed below. Dkt. #1. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Kelley's Motions and his § 2255 Petition.

## II.   BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records. *See* Dkt. #23 at 3–21. Mr. Kelley does not

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 1

dispute the vast majority of this procedural background. His reply brief mainly relitigates the facts of his trial while attacking the actions and propriety of the prosecutors. *See* Dkt. #25.

Mr. Kelley's criminal case arose out of investigations into a small real-estate services business called Post Closing Department ("PCD"). On April 15, 2015, the Government filed an indictment charging Mr. Kelley with 10 counts. Case No. 2:15-cr-5198-RBL, Dkt. #1. Essentially, Mr. Kelley was charged for using PCD to steal millions of dollars, and for his subsequent efforts to cover up his crime and to retain the stolen money. A superseding indictment was later filed. Case No. 2:15-cr-5198-RBL, Dkt. #38. Mr. Kelley's first trial resulted in a hung jury. On December 20, 2017, after the 23-day second trial, Mr. Kelley was found guilty of possession of stolen property, making a false declaration, and filing false income tax returns. *See* Case No. 2:15-cr-5198-RBL, Dkts. #555 and #556.

Sentencing occurred on June 29, 2018. Case No. 2:15-cr-5198-RBL, Dkts. #655. Judge Leighton calculated a total offense level of 27, a criminal history category of I, and a sentencing range of 70-87 months. Dkt. #661 at 53. The judge varied downward from that sentencing range and imposed a custodial sentence of 12 months and a day*,* with one year of supervised release. Dkt. #656.

Mr. Kelley appealed to the Ninth Circuit. He raised four claims: (1) the evidence was insufficient to support his conviction for possession of stolen property because borrowers paid fees that were disclosed on their settlement statements; (2) Judge Leighton impermissibly coerced the jury to reach a verdict after it indicated that it was deadlocked; (3) Mr. Kelley's convictions violated double jeopardy, given his acquittal on the false-statement charge at his first trial, and (4) Judge Leighton erred in denying his motion(s) to sever charges. *See* United States v. Troy Kelley, No. 18-30153, Appellant's Opening Brief, Dkt. #26. On July 29, 2020, the Ninth

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 2

Circuit denied Mr. Kelley's appeal without oral argument. *United States v. Troy Kelley*, 821 Fed. Appx. 765, 2020 U.S. App. LEXIS 23917 (9th Cir.).

Mr. Kelley filed a petition for *certiorari*. His petition raised two new claims: (1) a breach of a contractual right to payment does not create a property right that will support a conviction for possession of stolen property; and (2) his conviction violated the prohibition on imprisonment for debt because it was premised on a breach of contract. *Troy Kelley v. United States*, No. 20-7113, Petition for a Writ of Certiorari (U.S. Feb. 1, 2021). On March 22, 2021, the Supreme Court denied his petition. Mr. Kelley reported to FCI Herlong on June 30, 2021, to begin serving his custodial sentence.

The instant Petition was filed the next day. Dkt. #1. He raises four grounds for relief, each beginning with "ineffective assistance of counsel in allowing Judge Leighton to violate my [] rights…" or "ineffective assistance of counsel in protecting against violations of [constitutional] rights from prosecutorial misconduct…" *Id.* At almost every instance, except as described below, Mr. Kelley discusses the conduct of Judge Leighton and the prosecutors rather than the conduct of his counsel, which is largely ignored. He requests an evidentiary hearing and asks the Court to vacate his conviction and for a new trial. *Id*. at 12.

### III.   DISCUSSION

**A. Motions**

As an initial matter, the Court will address Mr. Kelley's Motion to Vacate and Acquit Several Counts Based on New USCA Decision, Dkt. #27, and Motion for in Camera Court Review of Documents Supporting Search and Seizure, Dkt. #28. These are the eighth and ninth Motions filed by Mr. Kelley in this case, not including the petition itself, and were filed after the instant petition was fully briefed. The Government summarizes these Motions thusly:

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 3

> The first motion ostensibly argues that, based upon a recent decision from the Third Circuit Court of Appeals, the Government failed to establish the materiality required to support Kelley's conviction on two counts of making a false declaration, because the Government did not call Judge Robart (the presiding judge in the case in which Kelley made the declarations). *See* Motion to Vacate and Acquit Several Counts Based on New USCA Decision, at 1 (Docket No. 27). Before the end of the first page, however, the motion veers into challenging whether Kelley's declarations were actually false, and arguing that two tax counts of which Kelley was convicted were time-barred (coupled with making broad claims of prosecutorial misconduct and judicial bias).
>
> The second motion seeks review of the government's actions in obtaining a search warrant to search Kelley's residence and a seizure warrant pursuant to which the Government seized money that Kelley had transferred to his law firm. *See* Motion for in Camera Court Review of Documents Supporting Search and Seizure (Docket No. 28). That motion, too, veers far afield, then asking the court also to review records relating to the process by which tax charges against Kelley were approved, as well as the grand jury colloquies in the case (and again making broad allegations of misconduct).

Dkt. #29 at 2. The Court agrees with these characterizations. Furthermore, these claims were not included in Mr. Kelley's habeas petition, and cannot be brought now unless the petition is amended.

Under the Rules Governing § 2255 Proceedings, the Court looks to Rule 15 of the Federal Rules of Civil Procedure for the appropriate standard. A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors,

the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Government argues these Motions were made in bad faith, with "broad, unsupported allegations of prosecutorial misconduct and judicial bias." Dkt. #29 at 3. Further, the Motions are untimely and futile because the claims are procedurally barred. *Id*. at 4. The Government argues:

> Kelley had a full opportunity to make the claims that he seeks to bring in his two motions at trial and on appeal. Kelley failed to raise many of them at trial. Kelley raised none of them on direct appeal. *See* Answer to Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside Sentence, at 20-21 (summarizing Kelley's claims on appeal). (Docket No. 23). And, Kelley cannot establish either cause for his failure to do so. As a result, the claims are procedurally barred and should be denied on that basis alone (if the Court were to allow Kelley to amend his petition and to consider them). As a result, this Court can and should find that the claims are futile, even without addressing them on the merits.

*Id.* at 5. Mr. Kelley has filed no Reply brief in support of these Motions.

Even under the liberal Rule 15 standard, the Court finds that undue delay and bad faith preclude amendment. Mr. Kelley had ample time to include these claims earlier in this case, and they indeed include broad, unsupported allegations of prosecutorial misconduct. The Court agrees with the Government's futility assessment based on the decision from the Third Circuit— that case does not constitute a change in applicable law. Mr. Kelley's new claims appear futile for the same reasons his other accusations of misconduct are dismissed below.

Furthermore, the Court considers this late attempt to bring in new claims highly prejudicial to the opposing party, which has already drafted a 60-page Answer to the Petition.

Mr. Kelley has been released from custody. The only reason the Court has jurisdiction over this matter is because Mr. Kelley remains on supervised release. For the Court to permit

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 5

amendment could also delay a ruling until after the Court loses jurisdiction. Given all of the above, leave is not warranted and these Motions are properly denied. The Court now turns to the original Petition.

**B. Legal Standard for 2255 Motion**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law.

A petitioner seeking relief under Section 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f).

A claim may not be raised in a Section 2255 motion if the defendant had a full opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003). Where a defendant fails to raise an issue before the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal, the issue is deemed "defaulted" and may not be raised under Section 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007). Unless the petitioner can overcome this procedural default, the Court cannot reach the merits of his claims. *See Bousley*, 523 U.S. at 622. To do so, the petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).[1] To demonstrate "cause" for procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to a procedural

---

[1] Another means by which procedural default may be excused is by establishing actual innocence. *See Bousley*, 523 U.S. at 622.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 6

rule. *Murray*, 477 U.S. at 488. *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The "prejudice" prong of the test requires demonstrating "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 at 170.

**C. Evidentiary Hearing**

The Court finds that an evidentiary hearing is not required in this case because Mr. Kelley's allegations can be refuted from the record and on procedural grounds. *See* 28 U.S.C. §2255(b).

**D. Analysis**

There is no dispute that Mr. Kelley meets the "custody" requirement of the statute and that this is Motion is timely under § 2255(f).

As an initial issue, the Court expresses its frustration with Mr. Kelley's nesting doll arguments. The Government summarizes this problem:

> Kelley's § 2255 motion asserts four claims of ineffective assistance. In fact, however, Kelley asserts few actual faults concerning his counsel's performance. Rather, Kelley seems to be attempting to shoehorn substantive claims into ineffective-assistance claims, presumably, because the claims otherwise would be procedurally-barred…. Because Kelley has framed his motion as one asserting ineffective assistance, this response addresses Kelley's claims within that framework.

Dkt. #23 at 22. The Court agrees and will review under the ineffective assistance standard.

The standards to be applied to ineffective assistance claims are those defined in *Strickland v. Washington*, 466 U.S. 668 (1984). Such a claim has two components: inadequate performance

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 7

by counsel and prejudice resulting from that inadequate performance. To prevail, a defendant first must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. However, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 688 (citation omitted). The presumption is that counsel was competent. *Id*. Even if the first part of the *Strickland* test is satisfied, a defendant is not entitled to relief unless he can show prejudice. *Id*. at 687.

The Government has identified over a dozen potential claims for relief raised in this Petition, nested within the claims of ineffective assistance. The Government presents many overlapping arguments for why these claims must be dismissed, not all of which need to be discussed. The Government's common arguments for denying relief is that Mr. Kelley has not raised these issues on appeal—so called procedural default—and because he has failed to demonstrate actual prejudice from the alleged errors of counsel. The Court will address those arguments, which are dispositive, and need not address the many attempts by Mr. Kelley to substantively relitigate his trials (and responsive arguments from the Government).

> **1. Ground One: "Ineffective assistance of counsel in allowing Judge Leighton to violate my Sixth Amendment rights to confront the government witness... Beisheim…"**

The Court has reviewed Mr. Kelley's Ground One and finds no clear mention of errors made by his counsel. Instead, Mr. Kelley attacks Judge Leighton's impartiality and argues prosecutorial misconduct related to witness Gary Beisheim. The Court finds that this claim fails the *Strickland* test above. Even if Mr. Kelley's Petition is interpreted as attacking his counsel for

failing to seek recusal, he cannot show deficient representation because no evidence suggests that Judge Leighton was biased against Kelley and there is no reason to believe that a reasonable person, who was fully informed, would have reason to question Judge Leighton's impartiality. Mr. Kelley offers no more than a conclusory statement that Judge Leighton worked against him politically. The record also shows, for the reasons articulated by the Government, that Mr. Kelley's Sixth Amendment right to confront the Beisheim witness was not violated, and that in any event his counsel adequately filed motions in limine and conducted cross examination on the issues related to this witness. *See* Dkt. #23 at 28–29. There is no reasonable basis to believe his counsel was ineffective in pursuing testimony from this witness.

**2. Ground Two: "Ineffective assistance of counsel in allowing Judge Leighton to violate my Sixth Amendment rights to an impartial jury…."**

The Court has reviewed Mr. Kelley's Ground Two and finds no clear mention of errors made by his counsel. Mr. Kelley states only "Defense counsel refused to proceed with motions from arguments that defendant drafted." This is too vague for the Government to adequately respond. To the contrary, he otherwise states that the substantial efforts of his counsel were stymied by the Court. The Government's Response further confirms that Mr. Kelley's counsel strongly advocated on his behalf with regard to these issues. *See, e.g.,* Dkt. #23 at 31 ("Defense counsel subsequently expressed concern about Griffo, stating "our information about him is different in terms of whether he was declined – you know, whether he applied for a job there and was declined, which is our understanding of what happened." *Id.* at 6. Judge Leighton responded that he took Griffo at his word and declined to excuse him. *See id.* At the end of voir dire, defense counsel challenged Griffo for cause…"). Mr. Kelley also fails to show any prejudice from the complained of actions by Judge Leighton, which occurred in his first trial.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 9

Mr. Kelly fails to show that Judge Leighton's rulings on motions related to grand jury testimony were incorrect or prejudiced him, for the reasons stated by the Government. Dkt. #23 at 33–34. The Court agrees with the Government that the grand jury testimony at issue was not intentionally perjurious or made in bad faith, and that it was not material. Again, Mr. Kelley's counsel filed adequate motions on this issue, so it is not clear how an ineffective assistance of counsel claim could be made here. *See* Case No. 2:15-cr-5198-RBL, Dkts. #388 and #390.

> **3. Ground Three: "Ineffective assistance of counsel in protecting against violations of Fourth, Fifth, and Sixth Amendment rights from prosecutorial misconduct…."**

Mr. Kelley fails to include any clear mention of errors made by his counsel, other than when counsel advised him that his substantive legal arguments were stronger on appeal than his claims of prosecutorial misconduct. The Government nevertheless runs through all of Mr. Kelley's substantive arguments. Rather than restate all of these details, the Court focuses on the lack of ineffective assistance of counsel claims. Mr. Kelley complains that a witness "IRS Agent Paul Shipley" testified that he had been instructed by prosecutors to say "Kelley never presented evidence to the IRS in this case." Dkt. #1 at 7. Defense counsel adequately questioned this on cross examination and moved for a mistrial based on Shipley's testimony. Mr. Kelley next complains of two statements made in prosecution closing arguments, both at his first trial. *Id*. Of course, statements made in the first trial are not likely to have caused prejudice to Mr. Kelley, who was convicted after a second trial. Also, Defense counsel objected to the first statement, and the objection was sustained. Mr. Kelley complains that the Government introduced a spreadsheet exhibit with altered data. *Id*. The record shows that defense counsel repeatedly challenged this exhibit, Exhibit 436, before, during, and after trial. Mr. Kelley has failed to demonstrate any prejudice from the actions of his counsel. Kelley makes several other references

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 10

to testimony or exhibits at trial along these lines, but fails to demonstrate any failure to act by his counsel that prejudiced him.

> **4. Ground Four: "Ineffective assistance of counsel in protecting against violations of Sixth Amendment rights from prosecutorial misconduct and the fact that defense objected that two key charges were clearly time-barred by federal statute…."**

Again, Mr. Kelley fails to include any clear mention of errors made by his counsel. He states "Defense counsel pointed to outrageous prosecutorial misconduct…" Dkt. #1 at 8. He does not explain how his counsel's efforts were ineffective. He alleges, without evidence, that the Government encouraged key witnesses to travel to Mexico during trial to prevent them from testifying. He fails to adequately allege what material exculpatory testimony would have been obtained from those witnesses. He claims that his counsel was ineffective in allowing the admission of newly-discovered Fidelity emails from 2003-05 at his second trial. Not only does the record establishes that the Government acted in good faith by diligently pursuing relevant information from Fidelity, defense counsel vehemently sought to preclude Fidelity from producing the emails at issue. There is no argument or evidence to support an ineffective assistance of counsel claim here. Mr. Kelley next claims that the Government suborned the perjury of a witness and coached witness testimony without providing any argument or evidence of ineffective assistance of counsel. Again, this claim fails the *Strickland* test.

E. **Motion of Additional Facts**

In addition to his § 2255 motion, Kelley has filed a document styled Motion of Additional Facts in Support of Habeas Corpus. Dkt. #5. This document was apparently written in early 2018, more than three years before the instant petition was filed. It does not mention ineffective assistance of counsel and therefore does not properly supplement the § 2255 petition. The Court has reviewed but will not address the arguments contained therein.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 – 11

### F. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law above is clear and there is no basis to issue a COA.

### IV.   CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion to Vacate and Acquit Several Counts Based on New USCA Decision, Dkt. #27, and Motion for in Camera Court Review of Documents Supporting Search and Seizure, Dkt. #28, are DENIED.
2. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
3. This matter is now CLOSED.
4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 21st day of September, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE