UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY X. KELLEY, | Case No. C21-5476 RSM |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the Court is Petitioner Troy Kelley's Motion for Reconsideration. Dkt. #38. The Court has determined that a response is unnecessary. *See* LCR 7(h)(3).

On September 21, 2022, the Court issued an Order denying Mr. Kelley's Motion to Vacate and Acquit Several Counts Based on New USCA Decision, Dkt. #27, and Motion for in Camera Court Review of Documents Supporting Search and Seizure, Dkt. #28. Dkt. #37. In the same Order the Court denied Mr. Kelley's Motion under § 2255, Dkt. #1, and declined to issue a Certificate of Appeal. *Id.* The Court has issued several Orders in the past denying Mr. Kelley's numerous Motions in this case; the most recent such Orders were issued on August 9 and 10, 2022. Dkts. #30 and #31. The instant Motion was received by the Court on October 4, 2022. Dkt. #38 at 1.

ORDER DENYING MOTION FOR RECONSIDERATION – 1

1     "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily
2  deny such motions in the absence of a showing of manifest error in the prior ruling or a showing
3  of new facts or legal authority which could not have been brought to its attention earlier with
4  reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the
5  movant believes were overlooked or misapprehended by the court, any new matters being
6  brought to the court's attention for the first time, and the particular modifications being sought
7  in the court's prior ruling." LCR 7(h)(2). A motion for reconsideration shall be plainly labeled
8  as such. *Id.* The motion shall be filed within fourteen days after the order to which it relates is
9  filed. *Id.* Failure to comply with LCR 7(h)(2) "may be grounds for denial of the motion." *Id.*
10     Mr. Kelley's Motion is written as an eight-page letter with no section headings other than
11  the single word "REMEDY" on page four. Mr. Kelley begins his Motion by announcing that he
12  is preparing to file a notice of appeal to the Ninth Circuit. Dkt. #38 at 1. He segues into the
13  conditions of his one-year-and-a-day confinement. *See id*. at 2 ("No pen, paper, bible or other
14  books were provided. Nothing but silence and the screams of other prisoners."). He then
15  discusses at length the history of his case without pointing to specific rulings of *this* Court's
16  Orders that he believes are in error. There are many irrelevant tangents. *See, e.g., id*. at 3 ("Curtis
17  Flowers sat on death row and was tried six times over 23 years by prosecutor Doug Evans who
18  served eight four-terms [sic] as the elected prosecutor. Mr. Evans will most likely be elected to
19  the bench in November joining [the undersigned]. Mr. Flowers has been exonerated, but Mr.
20  Evans says he is guilty and invented new 'facts' out of thin air in 2021 on 60 Minutes. Mr. Evans
21  will become the average judge."). Mr. Kelley states the undersigned "has guaranteed that [FBI
22  Special Agent] Michael Brown will continue to break the law by framing innocent people and
23  guaranteed that federal police beatings and abuse will continue unabated." *Id*. at 4.
24

ORDER DENYING MOTION FOR RECONSIDERATION – 2

Under "REMEDY" Mr. Kelley "only asks for an evidentiary hearing to review the government actions over the last ten-plus years." *Id*. He then provides ten points about his trial that he believes show prosecutorial misconduct or judicial bias. *Id.* at 4–7. He "demands to be audited by this court and the IRS." *Id*. at 7. Mr. Kelley ends his Motion for Reconsideration with three points: Chief US District Judge Harry Lee Hudspeth did nothing to stop "Judge Walter Smith who had been sexually abusing female staff for over 20 years" then "retired to collect his full $210,000 salary for the rest of his life;" "[h]undreds of federal judges (almost half the total) buy and sell individual company stock while they hear cases about those same companies," and "the only judicial response from Chief Justice Roberts was to lobby Congress for less oversight under the separation of powers theory." *Id*. at 8.

The Court has reviewed this Motion thoroughly and finds no basis for reconsideration of its prior Orders. The Court will not reconsider its Orders from August as such a request is untimely under LCR 7(h)(2). As for its September 21, 2022, Order, Mr. Kelley's Motion barely refers to it, without specifics, and his claims about his trial are the same arguments that were dismissed in the Order as failing to show ineffective assistance of counsel and for not overcoming procedural default. Mr. Kelley simply does not address ineffective assistance of counsel, which was the entire basis for his § 2255 petition and therefore this action.

The Court previously found that an evidentiary hearing as to the specifics of Mr. Kelley's § 2255 petition was not required due to the largely procedural grounds for dismissal. *See* Dkt. #37 at 7. Mr. Kelley presents no argument that this was in error. The request now for an even broader evidentiary hearing is meritless in this closed case.

Mr. Kelley began by announcing a forthcoming appeal to the Ninth Circuit; he was free to file that without wasting the Court's time with the instant Motion, which makes no effort to

ORDER DENYING MOTION FOR RECONSIDERATION – 3

"point out with specificity the matters which the movant believes were overlooked or misapprehended by the court."

Having considered Petitioner's Motion and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion for Reconsideration, Dkt. #38, is DENIED.

DATED this 6th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE